STEVEN A. GIBSON, ESQ.
Nevada Bar No. 6656
sgibson@righthaven.com
JODI DONETTA LOWRY, ESQ.
Nevada Bar No. 7798
jlowry@righthaven.com
J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
jcoons@righthaven.com
Righthaven LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL ORGANIZATION FOR THE REFORM OF MARIJUANA LAWS, a District of Columbia domestic nonprofit corporation,<br><br>Defendant. | Case No.: 2:10-cv-0351<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Righthaven LLC ("Righthaven") complains as follows against the National Organization for the Reform of Marijuana Laws ("NORML"), on information and belief:

### NATURE OF ACTION

1. This is an action for copyright infringement pursuant to 17 U.S.C. §501.

1

**PARTIES**

2. Righthaven is, and has been at all times relevant to this lawsuit, a Nevada limited-liability company with its principal place of business in Nevada.

3. Righthaven is, and has been at all times relevant to this lawsuit, in good standing with the Secretary of State of Nevada.

4. NORML is, and has been at all times relevant to this lawsuit, a District of Columbia domestic nonprofit corporation with its principal place of business in the District of Columbia.

**JURISDICTION**

5. This Court has original subject matter jurisdiction over this copyright infringement action pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1338(a).

6. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1) and §1332(c) because this is a civil action between parties with complete diversity of citizenship and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

7. NORML purposefully directs activities at Nevada residents, which activities have resulted in the copyright infringement alleged herein.

8. NORML purposefully directs and effectuates the unauthorized reproduction of Righthaven-owned copyrighted works at www.norml.com ("NORML's Website").

9. NORML's unauthorized reproduction of Righthaven-owned copyrighted works found on NORML's Website is purposefully targeted to Nevada residents and to actual and potential visitors to Nevada.

10. NORML copied, on an unauthorized basis, the literary work entitled "Dr. Reefer's business goes to pot," attached hereto as Exhibit 1 (the "Dr. Reefer Article"), from a source emanating from Nevada.

11. NORML displayed and displays the Dr. Reefer Article on NORML's Website.

12. NORML's display of the Dr. Reefer Article was and is purposefully directed at Nevada residents.

13. NORML copied, on an unauthorized basis, the literary work entitled "Marijuana activists take stand against bill," attached hereto as Exhibit 2 (the "Activist Article"), from a source emanating from Nevada.

14. NORML displayed and displays the Activist Article on NORML's Website.

15. NORML's display of the Activist Article was and is purposefully directed at Nevada residents.

16. NORML's contacts with Nevada are continuous and systematic because NORML, through NORML's Website, continually solicits Nevada attorneys willing to provide legal services to NORML constituents.

17. NORML's contacts with Nevada are continuous and systematic because NORML's Website provides contact information for Nevada attorneys willing to provide legal services to NORML constituents.

18. NORML's contacts with Nevada are continuous and systematic because NORML's Website provides a mechanism for NORML constituents to send messages directly to specific Nevada newspapers, magazines, television stations, and radio stations.

19. NORML's contacts with Nevada are continuous and systematic because NORML's Website provides Nevada criminal law information regarding marijuana possession, sales, cultivation and paraphernalia.

20. NORML's contacts with Nevada are continuous and systematic because NORML's Website provides contact information for health services within Nevada.

21. NORML's contacts with Nevada are continuous and systematic because NORML's Website continually reproduces marijuana-news articles related to Nevada.

22. NORML's contacts with Nevada are continuous and systematic because NORML's Website contains the invitation for a Nevada resident to begin an official NORML affiliate chapter.

**VENUE**

23. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. §1391(b)(2), because a substantial part of the events giving rise to the claim for relief are situated in Nevada.

24. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. §1391(b)(3) and § 1400(a), because NORML may be found in Nevada.

25. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. §1391(c), because a NORML is subject to personal jurisdiction in Nevada.

**FACTS**

26. Righthaven is the copyright owner of the literary work entitled, "Marijuana as medicine" (the "Work"), attached hereto as Exhibit 3.

27. The Work was originally published on August 30, 2009.

28. The Work constitutes copyrightable subject matter, pursuant to 17 U.S.C. §102(a)(1).

29. On March 5, 2010, the United States Copyright Office (the "USCO") granted Righthaven the registration to the Work, copyright registration number TX0007095275 (the "Registration") and attached hereto as Exhibit 4 is evidence of the Registration in the form of a printout of the official USCO database record depicting the occurrence of the Registration.

30. NORML owns the domain name norml.com (the "Domain").

31. NORML is the registrant, administrator, and technical contact for NORML's Website.

32. No later than February 18, 2010, NORML reproduced an unauthorized copy of the Work (the "Infringement"), attached hereto as Exhibit 5, on NORML's Website.

33. NORML did not seek Righthaven's permission, in any manner, to reproduce, display, or otherwise exploit the Work.

34. Righthaven did not grant NORML permission, in any manner, to reproduce, display, or otherwise exploit the Work.

## **CLAIM FOR RELIEF: COPYRIGHT INFRINGEMENT**

35. Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 34 above.
36. Righthaven holds the exclusive right to reproduce the Work, pursuant to 17 U.S.C. §106(1).
37. Righthaven holds the exclusive right to prepare derivative works based upon the Work, pursuant to 17 U.S.C. §106(2).
38. Righthaven holds the exclusive right to distribute copies of the Work, pursuant to 17 U.S.C. §106(3).
39. Righthaven holds the exclusive right to publicly display the Work, pursuant to 17 U.S.C. §106(5).
40. NORML reproduced the Work, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(1).
41. NORML created an unauthorized derivative of the Work, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(2).
42. NORML distributes unauthorized reproductions of the Work via NORML's Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(3).
43. NORML publicly displays an unauthorized reproduction of the Work at NORML's Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(5).
44. NORML has willfully engaged in the copyright infringement of the Work.
45. NORML's acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.
46. Unless NORML's is preliminarily and permanently enjoined from further infringement of the Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to

preliminary and permanent injunctive relief against further infringement by NORML of the Work, pursuant to 17 U.S.C. §502.

## **PRAYER FOR RELIEF**

Righthaven requests that this Court grant Righthaven's claim for relief herein as follows:

1. Preliminarily and permanently enjoin and restrain NORML, and NORML's officers, agents, servants, employees, attorneys, parents, subsidiaries, related companies, partners, and all persons acting for, by, with, through, or under NORML, from directly or indirectly infringing the Work by reproducing the Work, preparing derivative works based on the Work, distributing the Work to the public, and/or displaying the Work, or ordering, directing, participating in, or assisting in any such activity;

2. Direct NORML to preserve, retain, and deliver to Righthaven in hard copies or electronic copies:

   a. All evidence and documentation relating in any way to NORML's use of the Work, in any form, including, without limitation, all such evidence and documentation relating to NORML's Website;

   b. All evidence and documentation relating to the names and addresses (whether electronic mail addresses or otherwise) of any person with whom NORML has communicated regarding NORML's use of the Work; and

   c. All financial evidence and documentation relating to NORML's use of the Work;

3. Direct Register.com, Inc. and any successor domain name registrar for the Domain to lock the Domain and transfer control of the Domain to Righthaven;

4. Award Righthaven the actual damages and profits for the infringement of the Work, pursuant to 17 U.S.C. §504(b);

5. Award Righthaven pre- and post-judgment interest in accordance with applicable law; and

6. Grant Righthaven such other relief as this Court deems appropriate.

**DEMAND FOR JURY TRIAL**

Righthaven requests a trial by jury pursuant to Fed.R.Civ.P. 38.

Dated this 15 day of March, 2010.

RIGHTHAVEN LLC

By: /s/ J. Charles Coons

STEVEN A. GIBSON, ESQ.
Nevada Bar No. 6656
JODI DONETTA LOWRY, ESQ.
Nevada Bar No. 7798
J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
Attorneys for Plaintiff