STEVEN A. GIBSON, ESQ.
Nevada Bar No. 6656
sgibson@righthaven.com
JODI DONETTA LOWRY, ESQ.
Nevada Bar No. 7798
jlowry@righthaven.com
J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
ccoons@righthaven.com
Righthaven LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
(702) 527-5900
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>NATIONAL ORGANIZATION FOR THE REFORM OF MARIJUANA LAWS, a District of Columbia domestic nonprofit corporation; MEDIA ACCESS PROJECT, INC., a California corporation,<br><br>　　　　　　Defendants. | Case No.: 2:10-cv-0351-PMP<br><br>**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |

Righthaven LLC ("Righthaven") complains as follows against the National Organization for the Reform of Marijuana Laws ("NORML") and Media Access Project, Inc. ("MAP"; collectively with NORML, "Defendants"), on information and belief:

## **NATURE OF ACTION**

1.　　This is an action for copyright infringement pursuant to 17 U.S.C. §501.

## PARTIES

2. Righthaven is, and has been at all times relevant to this lawsuit, a Nevada limited-liability company with its principal place of business in Nevada.

3. Righthaven is, and has been at all times relevant to this lawsuit, in good standing with the Secretary of State of Nevada.

4. NORML is, and has been at all times relevant to this lawsuit, a District of Columbia domestic nonprofit corporation with its principal place of business in the District of Columbia.

5. MAP is, and has been at all times relevant to this lawsuit, a California corporation with its principal place of business in California.

## JURISDICTION

6. This Court has original subject matter jurisdiction over this copyright infringement action pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1338(a).

7. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1) and §1332(c) because this is a civil action between parties with complete diversity of citizenship and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

8. NORML purposefully directs activities at Nevada residents, which activities have resulted in the copyright infringement alleged herein.

9. MAP purposefully directs activities at Nevada residents, which activities have resulted in the copyright infringement alleged herein.

10. NORML purposefully directs and effectuates the unauthorized reproduction of Righthaven-owned copyrighted works at www.mapinc.org/norml/norml.html (the "NORML.HTML Website").

11. MAP purposefully directs and effectuates the unauthorized reproduction of Righthaven-owned copyrighted works at www.mapinc.org ("MAP's Website").

2

12. NORML's unauthorized reproduction of Righthaven-owned copyrighted works found on the NORML.HTML Website is purposefully targeted to Nevada residents and to actual and potential visitors to Nevada.

13. MAP's unauthorized reproduction of Righthaven-owned copyrighted works found on MAP's Website is purposefully targeted to Nevada residents and to actual and potential visitors to Nevada.

14. MAP's contribution to an unauthorized reproduction of Righthaven-owned copyrighted works found on the NORML.HTML Website is purposefully targeted to Nevada residents and to actual and potential visitors to Nevada.

15. NORML purposefully directed MAP to reproduce, on an unauthorized basis, the literary work entitled "Dr. Reefer's business goes to pot," attached hereto as Exhibit 1 (the "Dr. Reefer Article"), from a source emanating from Nevada.

16. MAP reproduced, on an unauthorized basis, the Dr. Reefer Article from a source emanating from Nevada.

17. Until on or about March 20, 2010, NORML displayed the Dr. Reefer Article on the NORML.HTML Website.

18. Until on or about March 20, 2010, MAP displayed the Dr. Reefer Article on MAP's Website.

19. NORML's display of the Dr. Reefer Article was purposefully directed at Nevada residents.

20. MAP's display of the Dr. Reefer Article was purposefully directed at Nevada residents.

21. NORML purposefully directed MAP to reproduce, on an unauthorized basis, the literary work entitled "Marijuana activists take stand against bill," attached hereto as Exhibit 2 (the "Activist Article"), from a source emanating from Nevada.

22. MAP reproduced, on an unauthorized basis, the Activist Article from a source emanating from Nevada.

23. Until on or about March 20, 2010, NORML displayed the Activist Article on the NORML.HTML Website.

24. Until on or about March 20, 2010, MAP displayed the Activist Article on MAP's Website.

25. NORML's display of the Activist Article was purposefully directed at Nevada residents.

26. MAP's display of the Activist Article was purposefully directed at Nevada residents.

27. NORML's contacts with Nevada are continuous and systematic because NORML, through www.norml.org ("NORML's Home Website"), continually solicits Nevada attorneys willing to provide legal services to NORML constituents.

28. NORML's contacts with Nevada are continuous and systematic because NORML's Home Website provides contact information for Nevada attorneys willing to provide legal services to NORML constituents.

29. NORML's contacts with Nevada are continuous and systematic because NORML's Home Website provides a mechanism for NORML constituents to send messages directly to specific Nevada newspapers, magazines, television stations, and radio stations.

30. NORML's contacts with Nevada are continuous and systematic because NORML's Home Website provides Nevada criminal law information regarding marijuana possession, sales, cultivation and paraphernalia.

31. NORML's contacts with Nevada are continuous and systematic because NORML's Home Website provides contact information for health services within Nevada.

32. NORML's contacts with Nevada are continuous and systematic because NORML's Home Website contains the invitation for a Nevada resident to begin an official NORML affiliate chapter.

33. NORML's contacts with Nevada are continuous and systematic because NORML, through the NORML.HTML Website, continually reproduces marijuana-related news articles related to Nevada.

34. MAP's contacts with Nevada are continuous and systematic because MAP's Website continually reproduces drug-related news articles related to Nevada.

35. MAP's contacts with Nevada are continuous and systematic because MAP offers, through MAP's Website, the opportunity for website administrators to evaluate MAP news feeds of drug-related news articles and reproduce those news articles, specifically relating to the state of Nevada and specifically relating to topics, such as the organization Nevadans for Responsible Law Enforcement, that are specifically relevant to Nevada.

36. MAP's contacts with Nevada are continuous and systematic because MAP makes available on MAP's Website a "source directory" of periodicals to which MAP invites MAP supporters to submit letters to the editor, which directory includes multiple periodicals published in Nevada, including, without limitation, newspapers published in Carson City, Elko, Ely, Fallon, Gardnerville, Las Vegas, North Lake Tahoe, Pahrump, and Reno, as well as at the University of Nevada's Reno and Las Vegas campuses.

37. MAP's contacts with Nevada are continuous and systematic because MAP continually reproduces content on MAP's Website initially emanating from multiple periodicals published in Nevada, including, without limitation, newspapers published in Carson City, Elko, Ely, Fallon, Gardnerville, Las Vegas, North Lake Tahoe, Pahrump, and Reno, as well as at the University of Nevada's Reno and Las Vegas campuses.

**VENUE**

38. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. §1391(b)(2), because a substantial part of the events giving rise to the claim for relief are situated in Nevada.

39. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. §1391(b)(3) and §1400(a), because NORML and MAP may be found in Nevada.

40.     The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. §1391(c), because NORML and MAP are subject to personal jurisdiction in Nevada.

## FACTS

41.     Righthaven is the copyright owner of the literary work entitled "Marijuana as medicine" (the "Work"), attached hereto as Exhibit 3.

42.     The Work was originally published on August 30, 2009.

43.     The Work constitutes copyrightable subject matter, pursuant to 17 U.S.C. §102(a)(1).

44.     On March 5, 2010, the United States Copyright Office (the "USCO") granted Righthaven the registration to the Work, copyright registration number TX0007095275 (the "Registration") and attached hereto as Exhibit 4 is evidence of the Registration in the form of a printout of the official USCO database record depicting the occurrence of the Registration.

45.     No later than February 18, 2010, MAP reproduced and displayed an unauthorized copy of the Work (the "MAP Infringement") on MAP's Website.

46.     MAP did not seek Righthaven's permission, in any manner, to reproduce, display, or otherwise exploit the Work.

47.     Righthaven did not grant MAP permission, in any manner, to reproduce, display, or otherwise exploit the Work.

48.     No later than February 18, 2010, NORML displayed an unauthorized copy of the Work (the "NORML Infringement"), attached hereto as Exhibit 5, on the NORML.HTML Website.

49.     NORML did not seek Righthaven's permission, in any manner, to reproduce, display, or otherwise exploit the Work.

50.     Righthaven did not grant NORML permission, in any manner, to reproduce, display, or otherwise exploit the Work.

51. At all times relevant, NORML and MAP had and have a business relationship with respect to the re-publication of news articles not authored by, but relevant to, both NORML and MAP.

52. At all times relevant, NORML and MAP communicated and communicate concerning news articles relevant to both NORML and MAP.

53. At all times relevant, MAP provided and provides electronic news feeds and an electronic "clipping" service to MAP business relations, including but not limited to NORML.

54. No later than February 18, 2010, MAP provided to NORML electronic news feeds and an electronic "clipping" service at http://mapinc.org/mapcgi/nnews.pl (the "MAP-to-NORML Website").

55. No later than February 18, 2010, MAP chose the news articles included in NORML's news feed ("Clipped Articles") on the MAP-to-NORML Website.

56. No later than February 18, 2010, MAP identified, on the MAP-to-NORML Website, each Clipped Article by title, original publishing date, and publisher, and provided a hyperlink to the text of the Clipped Article as reproduced on the NORML.HTML Website.

57. No later than February 18, 2010, MAP chose the topical section on the MAP-to-NORML Website that was appropriate for each Clipped Article.

58. No later than February 18, 2010, NORML deleted Clipped Articles from the list provided by MAP on the MAP-to-NORML Website that NORML did not intend to reproduce on the NORML.HTML Website.

59. No later than February 18, 2010, NORML approved Clipped Articles from the list provided by MAP on the MAP-to-NORML Website that NORML intended to reproduce on the NORML.HTML Website.

60. No later than February 18, 2010, MAP designated the Work as a Clipped Article on the MAP-to-NORML Website.

61. No later than February 18, 2010, NORML approved the Work as a Clipped Article, on the MAP-to-NORML Website, for reproduction, display and distribution on the NORML.HTML Website.

62. No later than February 18, 2010, MAP provided instructions, on MAP's Website, to allow administrators of any website to reproduce content from MAP's Website, including content constituting infringements of third parties' copyrights, on other Internet domains and websites with custom HyperText Markup Language ("HTML") style sheets and code templates created by MAP.

63. At all times relevant, MAP, in cooperation with each MAP business relation subscribing to one or more of MAP's electronic news feeds, created and creates custom HTML code style sheets within a HTML code template to enable MAP to reproduce news articles in a style and format that resembles that business relation's website.

64. No later than February 18, 2010, MAP and NORML created custom HTML code style sheets within a HTML code template ("NORML's Code Template") for use on the NORML.HTML Website.

65. No later than February 18, 2010, NORML directed MAP to apply NORML's Code Template to the text of the Work on the MAP-to-NORML Website in preparation for display at the NORML.HTML Website.

66. No later than February 18, 2010, MAP applied NORML's Code Template to the text of the Work on the MAP-to-NORML Website in preparation for display at the NORML.HTML Website.

67. No later than February 18, 2010, MAP applied NORML's Code Template to display a reproduction of the Work in the same font and graphic design format as other content on the NORML.HTML Website and NORML's Home Website.

68. No later than February 18, 2010, MAP applied NORML's Code Template to the text of the Work to add a header stating "The National Organization for the Reform of Marijuana Laws."

69. No later than February 18, 2010, MAP applied NORML's Code Template to the text of the Work to add hyperlinks to the home page, site map, "contact us" webpage, and media contact webpage of NORML's Home Website.

70. No later than February 18, 2010, MAP applied NORML's Code Template to display the Work with a NORML logo and banner as a second header.

71. No later than February 18, 2010, MAP applied NORML's Code Template to display the Work with the same color palette as the rest of NORML's Home Website and the NORML.HTML Website.

72. No later than February 18, 2010, MAP applied NORML's Code Template to the text of the Work to add JavaScript that provided a hierarchical chain of hyperlinks for the topical classification of the Work among all the news articles republished on the NORML.HTML Website.

73. No later than February 18, 2010, MAP applied NORML's Code Template to the text of the Work to add hyperlinks to enable any viewer to share the unauthorized reproduction of the Work, as reproduced on the NORML.HTML Website, through online services such as Del.icio.us, Digg.com, StumbleUpon.com, Facebook.com, and Twitter.com.

74. No later than February 18, 2010, MAP applied NORML's Code Template to the text of the Work to add a hyperlink to NORML's electronic commerce webpage, through which any viewer may purchase NORML "gear," which included NORML-branded and NORML-related T-shirts, DVDs, books, and other merchandise.

75. No later than February 18, 2010, MAP applied NORML's Code Template to the text of the Work to add text identifying NORML as the copyright holder with respect to the Work.

76. No later than February 18, 2010, MAP applied NORML's Code Template to the text of the Work to add a graphic design containing the slogan "Powered by MAP Inc." underneath the unauthorized reproduction of the Work.

77. No later than February 18, 2010, MAP applied NORML's Code Template to the text of the Work to add the NORML logo and website hyperlinks as a footer to the unauthorized reproduction of the Work.

78. No later than February 18, 2010, MAP applied NORML's Code Template to the text of the Work to add NORML's mailing address and contact information as the final footer to the unauthorized reproduction of the Work.

79. No later than February 18, 2010, NORML and MAP effectuated the NORML Infringement by applying, or causing to be applied, NORML's Code Template to the text of the Work, and reproducing, displaying, and republishing the Work, on the NORML.HTML Website.

80. MAP's volitional acts effectuated the NORML Infringement.

81. NORML's volitional acts effectuated the NORML Infringement.

82. At all times relevant, NORML provided and provides an index of marijuana-related news articles at www.norml.org/index.cfm ("NORML's News Index").

83. No later than February 18, 2010, NORML chose the news articles displayed at NORML's News Index.

84. No later than February 18, 2010, NORML's News Index was divided into two categories "From the Wire" and "News from NORML."

85. No later than February 18, 2010, NORML chose the appropriate category for each news article on NORML's News Index.

86. No later than February 18, 2010, the news articles in the "From the Wire" section of NORML's News Index were MAP-provided Clipped Articles.

87. No later than February 18, 2010, the title of the Work was listed in the "From the Wire" section of NORML's News Index.

88. No later than February 18, 2010, a hyperlink to a reproduction of the Work was included in NORML's News Index.

89. The hyperlink to the Work in NORML's News Index did not route viewers to the original source or publisher of the Work.

90. The hyperlink to the Work in NORML's News Index routed viewers to an unauthorized reproduction of the Work on the NORML.HTML Website.

91. No later than February 18, 2010, NORML effectuated, in part, the NORML Infringement by providing a hyperlink in NORML's News Index to the NORML.HTML

Website which displayed an unauthorized reproduction of the Work with NORML's Code Template applied to the text of the Work.

92. NORML's volitional acts of providing a hyperlink, on the NORML News Index, to an unauthorized reproduction of the Work on the NORML.HTML Website effectuated, in part, the NORML Infringement.

# FIRST CLAIM FOR RELIEF:
## DIRECT COPYRIGHT INFRINGEMENT
### (Against NORML and MAP)

93. Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 92 above.

94. Righthaven holds the exclusive right to reproduce the Work, pursuant to 17 U.S.C. §106(1).

95. Righthaven holds the exclusive right to prepare derivative works based upon the Work, pursuant to 17 U.S.C. §106(2).

96. Righthaven holds the exclusive right to distribute copies of the Work, pursuant to 17 U.S.C. §106(3).

97. Righthaven holds the exclusive right to publicly display the Work, pursuant to 17 U.S.C. §106(5).

98. NORML reproduced the Work, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(1).

99. MAP reproduced the Work, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(1).

100. NORML created an unauthorized derivative of the Work, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(2).

101. MAP created an unauthorized derivative of the Work, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(2).

102. NORML distributed unauthorized reproductions of the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(3).

103. MAP distributed unauthorized reproductions of the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(3).

104. NORML publicly displayed an unauthorized reproduction of the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(5).

105. MAP publicly displayed an unauthorized reproduction of the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(5).

106. NORML has willfully engaged in the copyright infringement of the Work.

107. MAP has willfully engaged in the copyright infringement of the Work.

108. At all times relevant, NORML obtained a direct financial benefit from NORML's and MAP's copyright infringement of the Work and had the right and ability to control the infringing conduct.

109. At all times relevant, MAP obtained a direct financial benefit from NORML's and MAP's copyright infringement of the Work and had the right and ability to control the infringing conduct.

110. NORML's acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

111. MAP's acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

112. Unless NORML is preliminarily and permanently enjoined from further infringement of the Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by NORML of the Work, pursuant to 17 U.S.C. §502.

113. Unless MAP is preliminarily and permanently enjoined from further infringement of the Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to

preliminary and permanent injunctive relief against further infringement by MAP of the Work, pursuant to 17 U.S.C. §502.

## SECOND CLAIM FOR RELIEF:
## CONTRIBUTORY COPYRIGHT INFRINGEMENT
### (Against NORML and MAP)

114. Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 113 above.

115. NORML had knowledge that MAP was engaging in activity constituting copyright infringement of the Work.

116. NORML engaged in conduct that induced, caused, and materially contributed to MAP's activity that constituted copyright infringement of the Work, specifically, operating the NORML.HTML Website in a manner so as to cause copyright infringement, originally committed by MAP, to be reproduced, republished, and displayed directly on the NORML.HTML Website.

117. MAP had knowledge that NORML was engaging in activity constituting copyright infringement of the Work.

118. MAP engaged in conduct that induced, caused, and materially contributed to NORML's activity that constituted copyright infringement of the Work, specifically, providing functionality to allow the NORML.HTML Website to reproduce, republish, and display copyright infringement, originally committed by MAP.

119. NORML's acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

120. MAP's acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

121. Unless NORML is preliminarily and permanently enjoined from further infringement of the Work, Righthaven will be irreparably harmed, and Righthaven is thus

entitled to preliminary and permanent injunctive relief against further infringement by NORML of the Work, pursuant to 17 U.S.C. §502.

122.     Unless MAP is preliminarily and permanently enjoined from further infringement of the Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by MAP of the Work, pursuant to 17 U.S.C. §502.

## **PRAYER FOR RELIEF**

Righthaven requests that this Court grant Righthaven's claim for relief herein as follows:

1. Preliminarily and permanently enjoin and restrain Defendants, and Defendants' officers, agents, servants, employees, attorneys, parents, subsidiaries, related companies, partners, and all persons acting for, by, with, through, or under either or both Defendants, from directly or indirectly infringing the Work by reproducing the Work, preparing derivative works based on the Work, distributing the Work to the public, and/or displaying the Work, or ordering, directing, participating in, or assisting in any such activity;

2. Direct Defendants to preserve, retain, and deliver to Righthaven in hard copies or electronic copies:

   a. All evidence and documentation relating in any way to either or both Defendants' use of the Work, in any form, including, without limitation, all such evidence and documentation relating to NORML's Home Website, MAP's Website, the NORML.HTML Website, NORML's News Index, and the MAP-to-NORML Website;

   b. All evidence and documentation relating to the names and addresses (whether electronic mail addresses or otherwise) of any person with whom either or both Defendants have communicated regarding either or both Defendants' use of the Work; and

   c. All financial evidence and documentation relating to either or both Defendants' use of the Work;

3. Direct Register.com, Inc. and any successor domain name registrar for www.norml.com and www.norml.org to lock the domain and transfer control of www.norml.com and www.norml.org to Righthaven;

4. Direct Tucows Inc. and any successor domain name registrar for www.mapinc.org to lock the domain and transfer control of www.mapinc.org to Righthaven;

5. Award Righthaven the actual damages and profits for the infringement of the Work, pursuant to 17 U.S.C. §504(b);

6. Award Righthaven pre- and post-judgment interest in accordance with applicable law; and

7. Grant Righthaven such other relief as this Court deems appropriate.

**DEMAND FOR JURY TRIAL**

Righthaven requests a trial by jury pursuant to Fed.R.Civ.P. 38.

Dated this fifth day of April, 2010.

RIGHTHAVEN LLC

By: /s/ J. Charles Coons
STEVEN A. GIBSON, ESQ.
Nevada Bar No. 6656
JODI DONETTA LOWRY, ESQ.
Nevada Bar No. 7798
J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
Attorneys for Plaintiff